UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| TIA LYLES-WILLIAMS | : |
| Plaintiff, | : Civil Action No. 1:22-cv-00323 |
| v. | : |
| LONZA BIOLOGICS, INC. | : |
| Defendant. | : |

**NOTICE OF REMOVAL
AND DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant, Lonza Biologics, Inc. ("Lonza"), by and through its attorneys, Bernstein Shur, Sawyer & Nelson, P.A. hereby removes this action from the Superior Court of the State of New Hampshire, Rockingham County, to the United States District Court for the District of New Hampshire.  In support of this Notice of Removal, Lonza states as follows:

**I.     INTRODUCTION**

1.     Plaintiff, Tia Lyles-Williams ("Plaintiff" or "Lyles-Williams") commenced this action by filing a Charge of Discrimination ("Charge") with the New Hampshire Commission for Human Rights ("NHCHR") on or about January 29, 2019, which Charge was dual-filed with the Equal Employment Opportunity Commission.  A copy of Plaintiff's Charge of Discrimination is attached hereto as Exhibit "A" and is incorporated by reference as though fully set forth at length herein.

2. Plaintiff's Charge alleges discrimination on the basis of race, color, age and sex/gender in violation of New Hampshire RSA 354-A ("RSA 354-A") and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.* as amended ("Title VII"). *See* Exhibit A, ¶ 39. Lonza denies Plaintiff's allegations.

3. On August 22, 2022, Lonza moved the Charge from the NHCHR to the Superior Court of the State of New Hampshire, Rockingham County pursuant to RSA 354-A:21-A. The Superior Court action was assigned civil action number 218-2022-CV-00672 A true and correct copy of Lonza's Notice of Transfer and Request for Jury Trial Pursuant to NH RSA 354-A:21-A is attached hereto as Exhibit "B" and is incorporated herein by reference as though fully set forth at length herein.

4. Lonza now files this Notice of Removal of the action to this Court on the basis of federal diversity jurisdiction as Lonza and Lyles-Williams are citizens of different states and the amount in controversy exceeds $75,000.

**II.    THIS COURT HAS JURISDICTION UNDER 28 U.S.C. §§ 1441 and 1332.**

5. This Court has subject matter jurisdiction over this Action pursuant to 28 U.S.C. § 1441 because the action could have been originally filed in this Court under 28 U.S.C. §1332, in that the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs, and this is a civil action between citizens of different states.

**A.    There is Complete Diversity of Citizenship between Plaintiff and Defendant.**

6. As reflected in the Charge, in January 2019, at the time that Lyles-Williams commenced her action against Lonza before the NHCHR, she resided in Manchester, New Hampshire and was thus a citizen of the state of New Hampshire. *See* Exhibit A, p.2.

7.Upon information and belief, after leaving her Lonza's employment in September 2018, Lyles-Williams moved from New Hampshire to Philadelphia, Pennsylvania where she currently resides and works as the Chief Executive Officer of Philadelphia-based company, LucasPye BIO. A true and correct copy of the Pennsylvania Department of State Bureau of Corporations Entity Confirmation is attached hereto as Exhibit "C" and is incorporated by reference as though fully set forth at length herein. At the time of the filing of this Notice of Removal, Plaintiff is thus a citizen of the Commonwealth of Pennsylvania.

8.Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. §1332(c)(1).

9.Lonza was incorporated on April 5, 1993 in the State of Delaware and maintains its principal place of business at 412 Mt. Kemble Avenue, Suite 200S, Morristown, NJ 07960. A true and correct copy of the New Hampshire Secretary of State Business Entity Confirmation is attached hereto as Exhibit "D" and is incorporated by reference as though fully set forth at length herein. For purposes of diversity, Lonza is therefore a citizen of the States of Delaware and New Jersey.

10.Removal to this Court is therefore appropriate as complete diversity between the parties has existed both at the time Lyles-Williams commenced this action before the NHCHR and at the time of the filing of the within Notice of Removal. *Stevens v. Nichols*, 130 U.S. 230, 231, 9 S.Ct. 518, 32 L.Ed. 918 (1889).

**B.The Amount In Controversy Exceeds $75,000.**

11.Where, as here, the complaint fails to demand a sum Plaintiff is seeking, 28 U.S.C. § 1446(c)(2) provides:

(2) If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a) [28 U.S.C. § 1332(a)], the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that –
   (A) the notice of removal may assert the amount in controversy if the initial pleadings seeks –
      (i) nonmonetary relief; or
      (ii) a money judgment but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and
   (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a) [28 U.S.C. § 1332(a)].

12. Where the jurisdictional amount is not alleged in the plaintiff's complaint, then the defendant is permitted to assert the amount in controversy in its notice of removal. 28 U.S.C. § 1446(c)(2)(A); *See accord Andrews v. Earl's Restaurants USA, Inc.*, 2019 WL 6497423, *1 (D.N.H. 2019). The defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 135 S.Ct. 547, 190 L.Ed.2d 495 (2014); *see also, Reynolds v. World Courier Ground, Inc.*, 272 F.R.D. 284, 285-86 (D. Mass 2011) (court need look to notice of removal and any other materials submitted by the removing defendant to assess whether there is a "reasonable probability that the amount in controversy exceeds jurisdictional minimum).

13. Although Lonza denies that Lyles-Williams is entitled to any award of damages, this Court should infer from Plaintiff's claims for past and continuing damages, including her claims for compensatory damages and damages for lost earning capacity, as well as from the relief afforded under Title VII and RSA 354-A, that she is seeking damages in excess of this jurisdictional minimum.[1]

---

[1] If this Court determines that the amount in controversy is not sufficiently apparent from the Charge, Defendant requests leave to conduct limited discovery with respect to damages so that it may demonstrate the amount in controversy is satisfied.

14. In her Charge, Plaintiff has claimed that, as a result of Lonza's alleged discrimination, she has suffered and continues "to suffer damages, including but not limited to lost wages, lost earning capacity, lost employment benefits, emotional distress, humiliation, inconvenience, and loss of enjoyment of life." *See* Exhibit A, ¶ 40.

15. In further describing her damages, Lyles-Williams claims that, during the interview process, she was denied the senior-level position at Lonza of "Manufacturing Manager" and, a year later, was denied a promotion to a senior position of "Sr. Manufacturing Manager." *See* Exhibit 1, ¶¶ 8, 20-22. Plaintiff further alleges that, at the timing of the filing of her Charge, she was only 35 years old. *See* Exhibit A, ¶ 2. Accordingly, given her young age and managerial-level positions to which she claims she was denied positions, Plaintiff's claim for damages representing lost earning capacity can be viewed as representing significant lost earnings over many years.

16. Plaintiff framed her damages in an amount exceeding the federal diversity threshold in her August 15, 2022 conciliation statement ("Conciliation Statement") to the Commission. A true and correct copy of the NHCHR's November 6, 2020 demand submitted on behalf of Plaintiff to Defendant's counsel is attached hereto as Exhibit "E" and is incorporated by reference as though fully set forth at length herein. Specifically, in asserting a demand for $878,223.67 in damages, Plaintiff's claims for back pay ($254,823.67) and front pay ($218,000) alone exceed the total sum of $472,823.67. *See* Exhibit E at p. 6. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010) (defendant "may introduce a wide range of evidence in order to satisfy the jurisdictional requirements of removal" including "their own affidavits, declarations and other documentation."); *Wilson v. Target Corp.*, 2010 WL 3632794 (settlement offers can be considered by court as "other paper" under 28 U.S.C. § 1446(b) for purposes of

5

determining amount in controversy); S*ee also Central Iowa Agri-Systems v. Old Heritage Advertising and Publishers, Inc.*, 727 F. Supp. 1304, 1305 (S.D. IA 1989) (plaintiff's pre-suit demand letter was "other paper" from which it could be reasonably ascertained that the case was removable); 14A Wright, Miller and Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3732 (1985) (courts give the term, "other paper" an "embracive instruction").

17. Plaintiff's Charge further states a claim for compensatory damages under RSA 354-A and Title VII based upon her allegations that she has suffered emotional distress, humiliation, inconvenience and loss of enjoyment of life. *See* Exhibit A, ¶40.

18. On the face of the Charge, Plaintiff alleges that Lonza employees 500 or more employees and, as such, the statutory cap on Plaintiff's claims for non-economic damages under Title VII would be $300,000. *See* Exhibit A; 42 U.S.C. §1981a(b)(3).

19. Although Lonza disputes Plaintiff's claims as to both liability and damages, it is nevertheless reasonably probable based upon an objective assessment of the Charge and the Exhibits hereto that the amount in controversy in this case far exceeds the $75,000 jurisdictional minimum necessary for removal.

### III. THIS COURT IS THE PROPER VENUE

20. The Superior Court for the County of Rockingham in the State of New Hampshire is located within the District of New Hampshire. See 28 U.S.C. § 101. Thus, venue is proper in this Court as it is the district "embracing the place where such action is pending." 28 U.S.C. § 1441(a).

### IV. PLEADINGS AND PROCESS

21. As required by 28 U.S.C. § 1441(a), Lonza has attached to this Notice of Removal copies of all state court process and pleadings. *See* Exhibits A-B.

22.     Pursuant to 28 U.S.C. § 1446(d), Lonza is contemporaneously filing a Notice of Filing of Notice of Removal with the Clerk of the Superior Court of the State of New Hampshire, Rockingham County, the state court in which this action is currently pending and will serve a copy of this Notice of Removal on all parties to this removed action.

### V.    CONCLUSION

23.     In filing this Notice of Removal, Lonza does not waive and specifically reserves any and all defenses and does not admit any of the allegations in Plaintiff's Charge.

24.     Based upon the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and notice is hereby given that Defendant, Lonza Biologics, Inc., removes this case from the Superior Court of the State of New Hampshire, Rockingham County, to the United States District Court for the District of New Hampshire.

### VI.   DEMAND FOR JURY TRIAL

25.     Defendant herein asserts its right to a jury trial on all issues triable thereto.

Respectfully Submitted,
LONZA BIOLOGICS, INC.
By its attorneys,
BERNSTEIN SHUR, SAWYER & NELSON, P.A.

Date: August 23, 2022

 /s/ Edward J. Sackman
Edward J. Sackman, N.H. Bar # 19586
Talesha L. Saint-Marc, N.H. Bar #19528
670 N. Commercial Street, Suite 108
P.O. Box 1120
Manchester, NH 03105
nsackman@bernsteinshur.com
tsaintmarc@bernsteinshur.com
(603) 623-8700

## **CERTIFICATE OF SERVICE**

I hereby certify that copies of the foregoing were this day served via email and first-class mail upon the following:

John P. Sherman, Esquire
NH Bar. No. 12536
Sherman Law, Pllc
111 Bow Street, Unit 2
Portsmouth, NH 03801
jsherman@johnshermanlaw.com

Date:   August 23, 2022          By:     */s/ Edward J. Sackman*
                                         Edward J. Sackman, Esquire