# **EXHIBIT B**

THE STATE OF NEW HAMPSHIRE
SUPERIOR COURT

218-2022-CV-00672

Rockingham, SS.                                                             No. _____

TIA LYLES-WILLIAMS
82 NECTARIA WAY, UNIT #208
MANCHESTER, NH 03109

v.

LONZA BIOLOGICS, INC.
101 INTERNATIONAL DRIVE
PORTSMOUTH, NH 03801

## NOTICE OF TRANSFER FROM NEW HAMPSHIRE COMMISSION FOR HUMAN RIGHTS TO SUPERIOR COURT AND REQUEST FOR JURY TRIAL PURSUANT TO NH RSA 354-A:21-A

NOW COMES Defendant, LONZA BIOLOGICS, INC ("Defendant" or "Lonza"), by and through its attorneys, BERNSTEIN SHUR, SAWYER & NELSON, P.A. and hereby gives notice of its intent to transfer Plaintiff's Charge of Discrimination from the New Hampshire Commission for Human Rights to the Rockingham County Superior Court, pursuant to the provisions of NH RSA 354-A:21-a, for the following reasons:

1. On or about January 29, 2019, Plaintiff, TIA LYLES-WILLIAMS ("Plaintiff") dual-filed a Charge of Discrimination with the New Hampshire Commission for Human Rights ("NHCHR") and the Equal Employment Opportunity Commission ("EEOC") against Lonza. A copy of Plaintiff's Charge of Discrimination is appended hereto as Exhibit "A."

2. By letter dated April 12, 2022, the NHCHR issued a finding of probable cause and scheduled a public hearing for December 14, 2022, under the authority of NH RSA 354-A:21, on the issue of discrimination and harassment based upon race, color, sex/gender and gender presentation.

3. Defendant denies Plaintiff's claims in their entirety.

4. Defendant wishes to exercise its right to a jury trial in this Court pursuant to the provisions of NH RSA 354-A:21.

5. A copy of this Notice has been provided to Plaintiff's counsel of record, and to the New Hampshire Commission for Human Rights.

> Respectfully Submitted,
> LONZA BIOLOGICS, INC.
> By its attorneys,
> BERNSTEIN SHUR, SAWYER & NELSON, P.A.

Date: August 19, 2022

> /s/ Edward J. Sackman
> Edward J. Sackman, N.H. Bar # 19586
> Talesha L. Saint-Marc, N.H. Bar #19528
> 670 N. Commercial Street, Suite 108
> P.O. Box 1120
> Manchester, NH 03105
> nsackman@bernsteinshur.com
> tsaintmarc@bernsteinshur.com
> (603) 623-8700

Certificate of Service

I hereby certify that copies of the foregoing were this day served via email on Plaintiff, Tia Lyles-Williams through her undersigned counsel of record, John P. Sherman, Esquire, Sherman Law, Pllc, 111 Bow Street, Unit 2, Portsmouth, NH 03801, jsherman@johnshermanlaw.com, and on Sarah E. Burke Cohen, Esq., Assistant Director, New Hampshire Commission for Human Rights, 2 Industrial Park Drive, Bldg. 1, Concord, New Hampshire, 03301 at sarah.burkecohen@nh.gov.

Date:  August 19, 2022        By:    /s/Edward J. Sackman
                                     Edward J. Sackman, Esquire

# **<u>EXHIBIT A</u>**

| EEOC FORM 131-A (11/09) | **U.S. Equal Employment Opportunity Commission** |
|---|---|

|  | PERSON FILING CHARGE |
|---|---|
| **LONZA BIOLOGICS, INC.**<br>**101 International Drive**<br>**Portsmouth, NH 03801** | **Tia Lyles-Williams** |
|  | THIS PERSON (check one or both)<br>[X] Claims To Be Aggrieved<br>[ ] Is Filing on Behalf of Other(s) |
|  | EEOC CHARGE NO.<br>**16D-2019-00061** |
|  | FEPA CHARGE NO.<br>**EARCG 0117-19** |

**NOTICE OF CHARGE OF DISCRIMINATION** IN JURISDICTION WHERE A FEP AGENCY WILL INITIALLY PROCESS
(See the enclosed for additional information)

THIS IS NOTICE THAT A CHARGE OF EMPLOYMENT DISCRIMINATION UNDER

[X] Title VII of the Civil Rights Act (Title VII)  [ ] The Equal Pay Act (EPA)  [ ] The Americans with Disabilities Act (ADA)
[ ] The Age Discrimination in Employment Act (ADEA)  [ ] The Genetic Information Nondiscrimination Act (GINA)

HAS BEEN RECEIVED BY

[ ] The EEOC and sent for initial processing to _____
(FEP Agency)

[X] The  **New Hampshire Commission for Human Rights**  and sent to EEOC for dual filing purposes.
(FEP Agency)

While EEOC has jurisdiction (upon expiration of any deferral requirement if this is a Title VII, ADA or GINA charge) to investigate this charge, EEOC may suspend its investigation and await the issuance of the Agency's final findings and orders. These findings and orders will be given weight by EEOC in making its own determination as to whether reasonable cause exists to believe that discrimination has occurred.

You are therefore encouraged to cooperate fully with the Agency. All facts and evidence provided by you to the Agency will be considered by EEOC when it reviews the Agency's final findings and orders. In many cases EEOC will take no further action, thereby avoiding the necessity of an investigation by both the Agency and EEOC. This likelihood is increased by your active cooperation with the Agency.

As a party to the charge, you may request that EEOC review the final findings and orders of the above-named Agency. For such a request to be honored, you must notify EEOC in writing within 15 days of your receipt of the Agency's final decision and order. If the Agency terminates its proceedings without issuing a final finding and order, you will be contacted further by EEOC. Regardless of whether the Agency or EEOC processes the charge, the Recordkeeping and Non-Retaliation provisions of the statutes as explained in the enclosed information sheet apply.

For further correspondence on this matter, please use the charge number(s) shown above.

Enclosure(s): Copy of Charge

CIRCUMSTANCES OF ALLEGED DISCRIMINATION

[X] Race  [ ] Color  [X] Sex  [ ] Religion  [ ] National Origin  [ ] Age  [ ] Disability  [ ] Retaliation  [ ] Genetic Information  [ ] Other

**See enclosed copy of charge of discrimination.**

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| **February 12, 2019** | **Kevin J. Berry,**<br>**District Director** |  |

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

**COPY**

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| [X] FEPA | EARCG 0117-19 |
| [X] EEOC | 16D-2019-00061 |

**New Hampshire Commission for Human Rights** and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Tia Lyles-Williams | (818) 331-1811 | 1983 |

Street Address: 82 Nectaria Way Unit #208, Manchester, NH 03109

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| LONZA BIOLOGICS, INC. | 500 or More | (603) 334-6100 |

Street Address: 101 International Drive, Portsmouth, NH 03801

RECEIVED
JAN 3 1 2019
NH COMMISSION FOR HUMAN RIGHTS

**DISCRIMINATION BASED ON** *(Check appropriate box(es).)*

[X] RACE  [X] COLOR  [X] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[ ] RETALIATION  [X] AGE  [ ] DISABILITY  [ ] GENETIC INFORMATION
[X] OTHER (Specify) RSA 354-A

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 06-12-2017   Latest: 09-21-2018
[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

1. I identify as African American.
2. I identify as female.
3. I am 35 years old.
4. On May 16, 2017, I participated in a phone interview for the position of Manufacturing Manager with Lonza Biologics.
5. The phone interview was successful and resulted in a face to face interview, which was scheduled for May 26, 2017.
6. Due to an airline cancellation, I participated in the face to face interview on June 12, 2017.
7. During the interview, I was informed by Head of Operations, Olga Molin, that I was interviewing for the position of Manufacturing Supervisor.
8. Despite my previous interview, subsequent detailed interview itinerary that stated "Manufacturing Manager", and the knowledge I had traveled from Los Angeles, CA specifically to interview for the manager role, I was informed the position had been filled.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Date: 01/29/19
Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year) 01/29/2019

Commonwealth of Pennsylvania - Notary Seal
ALBERT A DRULIS JR - Notary Public
Philadelphia County
My Commission Expires Aug 8, 2022
Commission Number 1280595

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [X] FEPA [X] EEOC | EARCG 0117-19 16D-2019-00061 |

**New Hampshire Commission for Human Rights** and EEOC
*State or local Agency, if any*

9. On July 31, 2017, I was hired as the Manufacturing Supervisor for Lonza Biologics.
10. I was the only African American employee on my team, and one of two African Americans in my department.
11. Throughout my employment I experienced differing treatment based on my gender, race, color and age, including, but not limited to:
    a. Coworkers, Rex Polley and Paul Pease, would repeatedly interrupt and speak over me while in meetings.
    b. Coworker, John Chapin, would consistently attempt to discredit my expertise and communicate in an aggressive and argumentative temperament.
    c. Mr. Pease consistently "forgetting" to send me invitations for meetings via email.
    d. Mr. Polley would refer to me as "Young Miss Tia"
12. On February 7, 2018, my review was held with Head of Manufacturing Operations, Jay Roderick.
13. My review stated the need for me to adjust my style depending on the audience.
14. Upon further questioning, Mr. Roderick explained that I need to change up my wardrobe, specifically my style of dress.
15. My attire was always in compliance with company policy.
16. On April 27, 2018, a meeting was held to discuss staffing strategies in which I addressed the opportunity for diversity.
17. Manufacturing Department Human Resources Representative, Michael Ross, stated "I'm more than willing to head down south to recruit a few African-Americans from some HBCU's (Historically Black Colleges and Universities).
18. I informed Mr. Ross that not all HBCU's are "down south" and explained I was referring to minorities within local universities.
19. Mr. Ross then stated "well good luck getting African-Americans to move out here to New Hampshire. They won't have any interest in living here."
20. On April 27, 2018, I later met with Supervisor, Frank Bugg, to discuss a potential promotion.
21. I was informed the role of Sr. Manufacturing Manager was no longer offered, and the Manufacturing Manager position was instead discussed.
22. I informed Mr. Bugg I was now overqualified for that position. Mr. Bugg stated he would email me a revised job description of the Manufacturing Manager position and upon review we would meet again to discuss the promotion.
23. On May 3, 2018, I received an email from Mr. Bugg titled "Tia's expectations".
24. Instead of a revised job description I was given "Tia's expectations" a list of how the job of Manufacturing Manager would pertain to solely me.
25. On May 22, 2018, Kathy Prince became my supervisor, having received a transfer to my department as the Sr. Manufacturing Manager.
26. To the best of my knowledge, Ms. Prince is Caucasian.
27. On June 20, 2018, I was notified my company credit card was to be cancelled, per order of Ms.

---

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

01/29/19
Date

*Charging Party Signature*

NOTARY – When necessary for State and Local Agency Requirements

08/03/2022

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
*(month, day, year)*

01/29/2019

Commonwealth of Pennsylvania - Notary Seal
ALBERT A DRULIS JR - Notary Public
Philadelphia County
My Commission Expires Aug 8, 2022
Commission Number 1280595

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [X] FEPA [X] EEOC | EARCG 0117-19 16D-2019-00061 |

New Hampshire Commission for Human Rights _____ and EEOC
*State or local Agency, if any*

Prince.

28. On July 11, 2018, I was asked to meet with Ms. Prince and Mr. Ross. I received a disciplinary warning that stated I had violated the policy pertaining to company credit cards.
29. The infractions noted on the warning were not against company policy; furthermore, Mr. Roderick approved my expenses and Administrative Assistant, Denise Sampson, who approves expense reports, stated that none of my purchases were out of compliance.
30. On July 19, 2018, Ms. Prince informed me I would need to start utilizing paid time off for personal appointments.
31. I am aware of other salaried employees who are permitted to utilize flex time for appointments and not their paid time off.
32. I informed Mr. Bugg of Ms. Prince's behavior towards me. Specifically, the disciplinary warning and required use of my paid time off.
33. Mr. Bugg stated he would speak with her and that I shouldn't have to use my paid time off as I am salaried and have flex time.
34. On August 2, 2018, I filed a discrimination complaint with Human Resources Director, Helen Duckett.
35. Ms. Duckett stated she would conduct an investigation.
36. In September, I had not received follow up to my complaint and reached out to Ms. Duckett regarding the status of the investigation.
37. Ms. Duckett informed me the investigation was inconclusive.
38. On September 13, 2018, I made the decision to constructively discharge and submitted my two week notice.
39. I assert I was discriminated against due to my race, color, age and gender, by way of differing treatment and harassment.
40. I have and continue to suffer damages, including but not limited to lost wages, lost earning capacity, lost employment benefits, emotional distress, humiliation, inconvenience, and loss of enjoyment of life. I seek all damages to which I am entitled.

---

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

01/29/19
Date

Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

08/06/2022

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

01/29/2019

Commonwealth of Pennsylvania - Notary Seal
ALBERT A DRULIS JR - Notary Public
Philadelphia County
My Commission Expires Aug 8, 2022
Commission Number 1280595

## Ground Rules for a Mediation Conference

At the mediation conference, both parties must agree to a set of basic ground rules including:

- Both parties have equal opportunity to share concerns and issues.

- An experienced, trained mediator will ask questions to gain clarification.

- Parties maintain mutual respect.

- The process is confidential.

- The conference is not for discovery, note taking is limited.

- The session is not a forum to argue the legal merits of your case, although the strengths and weaknesses of your case are important. It is a chance to explore, in good faith, solutions to differences.

- You may bring an advisor to mediation. The mediator will determine the role your representative plays.

## Why Does Mediation Work?

- The parties create their own agreement.

- Neither party is blamed.

- Each party negotiates the changes necessary to resolve the conflict.

- Facts, feelings, and interests are communicated with the help of a trained neutral mediator.

## NEW HAMPSHIRE STATE LAW REQUIREMENTS AFFECTING SETTLEMENTS OF EMPLOYMENT DISCRIMINATION CASES

**282-A:14 Total and Partial Unemployment. –**
III.    (b) The employing unit shall be liable to make restitution to the unemployment compensation fund in full for any and all unemployment benefits paid to an employee for a period covered by or reasonably deemed to be included in any arbitration award, back pay award, settlement agreement, or jury verdict.

**354-A:21 Procedure on Complaints. –**
II.    (e) When issuing an order awarding back pay, the commission shall calculate the back pay award by determining the amount the complainant would have earned but for the unlawful discriminatory practice. The commission shall subtract from that amount any unemployment compensation or interim earnings received by the complainant for the time period covered by the back pay award.

**Waiver: This is not legal advice. Rather the above statutory sections are reprinted for the benefit of parties appearing before the New Hampshire Human Rights Commission.**

*In the event that you settle the case directly with the other party, either with or without the assistance of the Commission for Human Rights or with the assistance of a mediator, either privately or as a result of Mediation or Conciliation services provided by the Commission, it is recommended that each party confer with a certified public accountant or tax attorney so that the proceeds of any such settlement are properly identified, categorized and any and all legal, State and Federal Tax and any other financial obligations that might inure to such proceeds are fully known by all parties contemporaneously with the settlement.*

11/13/15

# The New Hampshire Commission for Human Rights



# MEDIATED RESOLUTION PROGRAM

An alternative informal way to resolve a complaint of discrimination based on age, race, color, sex, disability, national origin, religion, marital and familial status or sexual orientation

Human Rights Commission
2 Industrial Park Drive
Concord, NH 03301
(603) 271-2767
www.nh.gov/hrc/

## What is the Mediation Program?

The New Hampshire Commission for Human Rights (NHCHR) provides a structured, voluntary program to assist parties in reaching a satisfactory, mutual resolution to a complaint.

It is an informal way of settling disputes without going to court. In mediation both parties sit down face-to-face with a trained mediator. No judge is present. The mediator helps you arrive at a solution.

## Why Would I want to Mediate?

**Mediation Works.** It is a successful alternative to litigation in many human rights complaints. You can create a solution respectful of both parties.

**Mediation is quick.** It is often less stressful and less uncertain. Though you may still have a lawyer, your dispute can often be settled in much less time, with no court costs.

**Mediation is Confidential.** Mediation can preserve your privacy. In some cases mediation can take place prior to an investigation. The session is held in strict confidence.

**Mediation Agreements are Binding.** The resolution, if accepted by both parties, is binding, just as a court judgment would be.

## How Does the Program Work?

When a complaint is filed both parties are notified of the mediation option. If both sides agree, and the claim is suitable for mediation, you are referred to a mediator.

You are asked to prepare a detailed questionnaire and to sign an agreement to mediate. You may include any other documentation you feel is necessary.

Notice of the conference date is sent to both parties with the fact sheet advising the parties of the remedies available under relevant laws.

## What Disputes are often Mediated?

Most conflicts can be resolved when the parties agree in good faith to mediate and are not trying to establish right and wrong.

Additional factors which favor a successful mediation are:

- The parties are interested in a quick resolution, minimizing cost;
- The law on the issue is well-settled;
- The positions of both parties have some merit.

## Do I Need to Prepare to Mediate?

Yes. Preparation is important.

Both parties need to be prepared to tell what happened from their perspective and to identify the solutions they seek.

You should review the material sent regarding the legal remedies for discrimination. You may want to seek legal advice to clarify issues. The mediator will not advise you about any legal or tax issues.

## What if the Mediation Fails?

If you are unable to reach a satisfactory solution, you may withdraw at any time.

The commission will continue its investigation of the charge.

The mediator will have no further involvement. Information conveyed during the mediation will be unavailable to the investigators. There will be no penalty or advantage from having used mediation.

## How Do I Notify the Commission I Want to Mediate?

Call the Human Rights Commission at (603) 271-2767.