UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| TIA LYLES-WILLIAMS | : |
| Plaintiff, | : Civil Action No. 1:22-cv-00323-PB |
| v. | : **JURY TRIAL DEMANDED** |
| LONZA BIOLOGICS, INC. | : |
| Defendant. | : |

### DEFENDANT'S COUNTERCLAIM AGAINST PLAINTIFF

NOW COMES Defendant, Lonza Biologics, Inc. ("Lonza"), by and through its attorneys, Bernstein Shur, Sawyer & Nelson, P.A., and asserts the following counterclaim against Plaintiff.[1]

### COUNTERCLAIM

1. Lonza incorporates by reference its responses to Plaintiff's allegations in her Charge and its Affirmative Defenses as though fully set forth at length.

### JURISDICTION AND VENUE

2. As set forth in Lonza's removal papers, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1441 because the action could have been originally filed in this Court under 28 U.S.C. §1332, in that the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs, and this is a civil action between citizens of different states.

---

[1] In the absence of any pleading from Plaintiff, Lonza has contemporaneously filed its Response and Affirmative Defenses to the Charge of Discrimination that Plaintiff filed with the New Hampshire Commission for Human Rights.

3.      Further, this Court has subject matter jurisdiction over Lonza's counterclaim pursuant to 28 U.S.C. §1367 because its counterclaim is so related to Plaintiff's claims that they form part of the same case or controversy.

4.      This Court has personal jurisdiction over Plaintiff because Plaintiff is a party in a proceeding pending before this Court, namely, the above-captioned matter.

5.      Venue is proper because the events giving rise to Lonza's counterclaim arose in this judicial district.

## BACKGROUND

6.      At the time that Plaintiff was hired by Lonza, and in order to demonstrate Lonza's interest in hiring Plaintiff, Lonza offered Ms. Lyles-Williams a substantial relocation package to assist with her move from California to New Hampshire.

7.      Specifically, on June 22, 2017, Lonza extended Ms. Lyles-Williams a written offer of employment (the "Offer"). A true and correct copy of the Offer is attached hereto as **Exhibit A** and is incorporated herein by reference.

8.      In the Offer, Lonza agreed to pay Ms. Lyles-Williams: (a) a signing-on bonus in the amount of $10,000 ("Bonus"); (b) a $10,000 relocation alternative ("Relocation Alternative") for interim living expenses; and (c) a 30-day living expense reimbursement (the "Relocation Assistance") (together, the Bonus, Relocation Alternative and Relocation Assistance are referred to as the "Signing Bonus").

9.      The Offer states that, if Plaintiff resigned "from the Company within twenty-four (24) months of your date of hire, you will be responsible for reimbursing the Company for the entire signing bonus." *See* Exhibit A, p.1.

10. The Offer further states that Plaintiff would be required to repay the Relocation Alternative if Plaintiff resigned "from the Company within twenty-four (24) months of your date of hire." *See* Exhibit A, p.2.

11. Plaintiff signed the Offer agreeing to its terms on June 27, 2017. *See* Exhibit A.

12. Plaintiff commenced her employment with Lonza on or about July 31, 2017.

13. On August 28, 2017, Lonza provided Plaintiff with a relocation agreement (the "Relocation Agreement"), a copy of which is attached hereto as **Exhibit B** and is incorporated herein by reference as though fully set forth at length herein. Plaintiff signed the Relocation Agreement on September 1, 2017. *See* Exhibit B.

14. In the Relocation Agreement, Plaintiff expressly agreed that, if she resigned from the Company within forty-eight (48) months of her date of hire, she would be responsible for reimbursing the Company for the Relocation Assistance in accordance with Lonza's relocation policy. *See* Exhibit B.

15. At all times relevant to this action, Lonza's relocation policy required the repayment of the Relocation Assistance in the event of Plaintiff's resignation within forty-eight (48) months of her date of hire.

16. Lonza paid, and Ms. Lyles-Williams received, all elements of the Signing Bonus in an amount exceeding twenty-thousand dollars ($20,000).

17. Plaintiff voluntarily resigned her employment with Lonza by submitting her two-week notice of resignation on September 28, 2018.

18. Lonza conducted its exit interview with Plaintiff on September 21, 2018. During that interview, Lonza reminded Plaintiff of her obligation to repay all elements of the Signing Bonus.

19. During the exit interview, Plaintiff expressly refused to pay any portion of the Signing Bonus.

20. To date, Plaintiff has failed and refused to repay any portion of the Signing Bonus.

## COUNT I
## BREACH OF CONTRACT

21. Lonza re-alleges and incorporates by reference its responses to Plaintiff's allegations paragraphs 1-20 above as though fully set forth at length.

22. The Offer Letter and the Relocation Agreement constitute a valid and binding contract between Lonza and Ms. Lyles-Williams.

23. Lonza performed each of its material obligations under the Offer Letter and Relocation Agreement by providing Ms. Lyles-Williams all elements of the Signing Bonus.

24. Ms. Lyles-Williams materially breached the Offer Letter and the Relocation Agreement by failing and refusing to repay Lonza after voluntarily resigning her employment within less than twenty-four (24) months of her date of hire.

25. As a direct and proximate result of Plaintiff's material breach of the Offer Letter and the Relocation Agreement, Lonza has suffered damages in an amount exceeding $20,000, such total amount to be determined at trial.

WHEREFORE, Defendant and Counterclaim Plaintiff, Lonza Biologics, Inc., hereby demands judgment in its favor and against Plaintiff and Counterclaim Defendant, Tia Lyles-Williams and seeks damages in an amount exceeding $20,000, plus interest and such other relief as this Court deems just and appropriate.

**DEMAND FOR JURY TRIAL**

Defendant herein asserts its right to a jury trial on all issues triable thereto.

                                                Respectfully Submitted,
LONZA BIOLOGICS, INC.
By its attorneys,
BERNSTEIN SHUR, SAWYER & NELSON, P.A.

Date: September 16, 2022

        */s/ Edward J. Sackman*
Edward J. Sackman, N.H. Bar # 19586
Talesha L. Saint-Marc, N.H. Bar #19528
670 N. Commercial Street, Suite 108
P.O. Box 1120
Manchester, NH 03105
nsackman@bernsteinshur.com
tsaintmarc@bernsteinshur.com
(603) 623-8700

**CERTIFICATE OF SERVICE**

I hereby certify that copies of the foregoing were this day served via email and first-class mail upon the following:

John P. Sherman, Esquire
NH Bar. No. 12536
Sherman Law, Pllc
111 Bow Street, Unit 2
Portsmouth, NH 03801
jsherman@johnshermanlaw.com

Date: September 16, 2022        By:  */s/ Edward J. Sackman*
                                                         Edward J. Sackman, Esquire