IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| TIA LYLES-WILLIAMS | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 1:22-cv-00323-LM |
| v. | : | |
| | : | |
| LONZA BIOLOGICS, INC. | : | |
| Defendant. | : | |
| | : | |

**DEFENDANT, LONZA BIOLOGICS, INC.'S**
**MOTION FOR LEAVE TO AMEND COUNTERCLAIM**

Pursuant to Federal Rule of Civil Procedure 15(a)(2), Defendant, Lonza Biologics, Inc. ("Lonza" or "Defendant"), by and through its undersigned counsel, hereby moves this Court for leave to amend its counterclaim (Docket No. 5) ("Counterclaim") against Plaintiff, Tia Lyles-Williams ("Plaintiff" or "Lyles-Williams"), in order to assert additional causes of action against Plaintiff arising from her misappropriation of Lonza confidential information and trade secrets. In support of this Motion, Lonza states as follows:

1.     Lonza seeks to add causes of action for breach of contract and violation of the federal Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836, *et seq*.  ("DTSA") and New Hampshire Uniform Trade Secrets Act, R.S.A. 350-B  ("UTSA"), based upon evidence recently received during discovery.

2.     Lonza has good cause for seeking to amend its Counterclaim, because the facts giving rise to these proposed additional claims were not revealed to Defendant until recently in documents produced by Plaintiff in discovery and in testimony provided by Plaintiff in her deposition on July 24-25, 2023.  As a result, and despite Lonza's due diligence, these facts could

not have been reasonably known by Lonza until after the January 15, 2023 deadline for amending pleadings had passed.

3.    Specifically, Plaintiff commenced this action against Lonza, her former employer, asserting claims of discrimination on the basis of race, color, sex and age as well as for retaliation in alleged violation of Title VII of the Civil Rights Act of 1964,  42 U.S.C. § 2000e *et seq*., as amended, together with a pendent state claim for alleged violation of The New Hampshire's Law Against Discrimination, RSA 354-A.  (Docket No. 1-1).  In addition to denying any liability for Plaintiff's claims, Lonza also filed its Counterclaim (Docket No. 5) alleging that Plaintiff breached her employment agreement by failing to repay her signing bonus and relocation subsidies.  (Docket No. 5).

4.    On October 20, 2022, the Court approved the parties' joint discovery plan (Docket No. 9), which set January 15, 2023 as the deadline for amendment of the pleadings in this case.  Discovery is ongoing and is not set to close until March 1, 2024, with dispositive motions due by April 8, 2024 and trial scheduled for the two-week period beginning August 6, 2024.

5.    On March 17, 2023, Lonza served its First Set of Interrogatories and Requests for Production of Documents. These discovery requests asked Plaintiff to produce, among other documents, all documents referring or relating to her Lonza employment.  Plaintiff produced responsive documents in three separate productions on May 18, 2023, July 2, 2023 and July 3, 2023.[1]

6.    To Lonza's surprise, included in Plaintiff's productions were numerous documents containing sensitive, non-public trade secrets and other confidential and proprietary

---

[1] The Court is already familiar with the discovery issues and resulting delays relating to these productions from the parties' respective submissions to the Court on July 17, 2023 in advance of the July 18, 2023 discovery conference.

information belonging to Lonza (the "Confidential Information").  This Confidential Information included detailed, protected and controlled information regarding Lonza's current and planned manufacturing processes, plans and customer relationships.  This Confidential Information included manufacturing protocols, manufacturing contracts with an existing Lonza customer, design plans for the construction of a new manufacturing facility, allocation of raw materials, batch pricing, labor costs, commercial manufacturing batch information, designs diagrams, proprietary standard operating procedures, parameters for manufacturing processes and numerous other documents that would be of tremendous value to Lonza's competitors.

7.      During her July 24-25, 2023 deposition, Plaintiff conceded that she accessed the documents containing the Confidential Information from Lonza's servers, that she knew that the Confidential Information was confidential and owned by Lonza, and that she copied these documents to external personal hard-drives and took these documents with her when she left Lonza.  Plaintiff further admitted during her deposition that, upon her resignation of employment, she implemented her plan to incorporate and begin marketing her own contract development manufacturing organization to manufacture biologics similar to those manufactured Lonza.

8.      Having discovered this new evidence, Defendant now seeks leave to amend its Counterclaim to conform to this new evidence learned in discovery and to allege two new causes of action against Plaintiff for breach of her employment agreement provisions mandating that she return all Lonza property and information, including Confidential Information, at the conclusion of her employment and for breach of DTSA and UTSA arising out of these newly-learned facts.

9.     Amendment of the pleadings at this time will not prejudice the plaintiff, Tia Lyles-Williams or interfere with the Court's management of the case in any way, for the following reasons:

      a)     The new causes of action involve only the existing parties and arise out of the same nucleus of facts as the existing claims, so that amendment of the pleadings will not require any extension of time to permit further fact discovery.

      b)     Amendment of the pleadings will not affect other scheduling order deadlines and will not otherwise affect the Court's management of the case, because the parties have not yet engaged in expert discovery, no dispositive motions are pending, and the trial date is more than ten months away.

      c)     Fact discovery is not complete, and the discovery deadline is not until March 1, 2024.

10.     Permitting the Counterclaim to be amended in this circumstance would be entirely consistent with the principles underlying both the rules of discovery and case management.

11.     A copy of Lonza's proposed First Amended Counterclaims is attached hereto as Exhibit A.

12.     On October 18, 2023, undersigned counsel contacted Plaintiff's counsel and requested consent to file this Motion.  Plaintiff's counsel did not consent.

*[Remainder of Page Left Intentionally Blank]*

WHEREFORE, for the reasons set forth herein, and more fully in Lonza's Memorandum of Law in Support of its Motion for Leave to Amend Counterclaims, Defendant, Lonza Biologics, Inc. requests that this Court grant its Motion and grant Lonza leave to file the First Amended Counterclaim.

Respectfully Submitted,

LONZA BIOLOGICS, INC.


By its attorneys,

Date: October 25, 2023

/s/ *Edward J.* Sackman
Edward J. Sackman (Bar No. 19586)
Bernstein Shur
670 N. Commercial Street, Suite 108
P.O. Box 1120
Manchester, NH  03105
(603) 623-8700
nsackman@bernsteinshur.com


Date: October 25, 2023

*/s/ Janeen Olsen Dougherty*
Grey Street Legal, LLC
356 N. Pottstown Pike, Suite 200
Exton, Pennsylvania 19341
(610) 594-4737
Janeen.dougherty@greystreetlegal.com